# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT BOSCH LLC,

       Plaintiff,

v.

CHIN PECH CO., LTD.,

       Defendant.

2:10-CV-1925 JCM (LRL)

## ORDER

Presently before the court is plaintiff Robert Bosch's motion for default judgment against defendant Chin Pech Co., Ltd pursuant to Federal Rule of Civil Procedure 55(b). (Doc. #20).

Pursuant to Federal Rule of Civil Procedure 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule.

Here, defendant has been duly served (*see* doc. #9), but has failed to respond to the complaint. Accordingly, plaintiff applied to the clerk of the court for entry of default against defendant on December 1, 2010 (doc. #10), and the clerk entered default on January 19, 2011, (doc. #18). Plaintiff now asks this court to enter judgment against the defendant in the form of a declaration that "Chin Pech infringed Bosch's patents-in-suit, and a permanent injunction enjoining Chin Pech from continued infringement of such patents." (Doc. #28, p.6).

**James C. Mahan**
**U.S. District Judge**

Declaratory judgment is a discretionary remedy, and the plaintiff must present proof to persuade the court that he or she is entitled to the equitable relief sought. *Ass'n of AM. Medical Colleges v. U.S.*, 217 F.3d 770, 779 (9th Cir. 2000) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967), overruled on other grounds). Even where default has been entered, the conclusions of law drawn in the complaint must logically flow from the facts presented.

Here, the plaintiff has alleged facts sufficient for the court to find that the conclusions of law logically flow from the evidence presented. Specifically, plaintiff has alleged that it is the owner of certain patents over a type of "wiper blade," and that in 2006, the defendant began marketing imitations of these blades and offering them for significantly lower prices. (Doc. #20).

Plaintiff has also alleged sufficient facts for the court to find, at this time, that it may exercise jurisdiction over the Taiwanese corporate-defendant. First, the case presents a federal question, 28 U.S.C. § 1331, as it arises under federal patent law. Second, this court has personal jurisdiction over the defendant, because it sells its products in the United States. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285 (Fed. Cir. 2009) (discussing importation as a jurisdictional nexus). Finally, plaintiff has alleged that the defendant does business in Nevada, meaning venue is proper in this court. *See VE Holding Corp. v Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990) (venue is proper where the defendant is subject to personal jurisdiction). Thus, the court finds that the requested relief is warranted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment (doc. # 20) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the plaintiff submit an appropriate order of judgment to the court for signature.

DATED March 2, 2011.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**